```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA          :
                                  :
                                  :     S.1 18 Cr. 874 (JSR)
          -v-                     :
                                  :     ORDER
LAWRENCE WALSH,                   :
                                  :
       Defendant.                 :
                                  :
-----------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On April 15, 2019, defendant Walsh pleaded guilty to a 7-count superseding information.  Because Walsh had entered into a cooperation agreement with the Government, the plea and related filings were sealed. Subsequently, however, after Walsh had substantially completed his cooperation, he was sentenced by this Court on June 15, 2020.  It is therefore now appropriate to unseal the entire file.  It appears, however, that the waiver of indictment that accompanied the plea to the superseding information has been misplaced.  In its stead, therefore, the Clerk is directed to file the transcript of the proceeding of April 15, 2020, here attached, which makes crystal clear that such a waiver was signed by the defendant, his counsel, and the Court's deputy, and agreed to prior to entry of the guilty plea.

Further, the Clerk of the Court is hereby directed to immediately unseal and place on the public electronic docket of this case all filings of any kind connected to this case,

including the Judgment and Commitment Order recently sent to the

Clerk.

     SO ORDERED.

Dated:    New York, NY
           July 7, 2020

                                   United States District Judge

XJ4F8WAL                          SEALED - DO NOT DOCKET

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4                    v.                          S1 18 Cr. 874 (JSR)

5    LAWRENCE WALSH,

6                    Defendant.

7    ------------------------------x

8                                                April 15, 2019
                                                 3:00 p.m.
9

10   Before:

11                      HON. JED S. RAKOFF,

12                                               District Judge

13                          APPEARANCES

14   GEOFFREY S. BERMAN
          United States Attorney for the
15        Southern District of New York
     JACOB GUTWILLIG
16        Assistant United States Attorney

17   JESSE M. SIEGEL
          Attorney for Defendant

18

19

20

21

22

23

24

25

                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

XJ4F8WAL                    SEALED - DO NOT DOCKET

```
 1          (Case called)
 2          THE DEPUTY CLERK:  Will everyone please be seated and
 3  will the parties please identify themselves for the record.
 4          MR. GUTWILLIG:  Good afternoon, your Honor.  Jacob
 5  Gutwillig for the government.
 6          THE COURT:  Good afternoon.
 7          MR. SIEGEL:  Good afternoon, Judge.  Jesse Siegel for
 8  Mr. Walsh.
 9          THE COURT:  Good afternoon.
10          All right.  My understanding is that the defendant
11  wishes to withdraw his previously entered plea of not guilty
12  and plead guilty instead to a superseding information.  Is that
13  correct?
14          MR. SIEGEL:  That's correct, Judge.
15          THE COURT:  We will place the defendant under oath.
16          (Defendant sworn)
17          THE COURT:  So Mr. Walsh, let me first advise you,
18  because you are under oath, anything you say that is knowingly
19  false could subject you to punishment for perjury or
20  obstruction of justice or the making of false statements.
21          Do you understand?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  Do you read, write, speak, and understand
24  English?
25          THE DEFENDANT:  Yes.
```

3

XJ4F8WAL                        SEALED - DO NOT DOCKET

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  About tenth grade.

3          THE COURT:  How old are you now?

4          THE DEFENDANT:  I'm 26.

5          THE COURT:  Have you ever been treated by a

6    psychologist or a psychiatrist?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you ever been hospitalized for any

9    mental illness?

10         THE DEFENDANT:  I was hospitalized when I was about 17

11   years old, but it was more like for family issue.  I got out in

12   about two weeks though.

13         THE COURT:  Have you ever been treated or hospitalized

14   for alcoholism?

15         THE DEFENDANT:  Alcoholism, no.

16         THE COURT:  Have you ever been treated or hospitalized

17   for drug addiction?

18         THE DEFENDANT:  Yes.  Marijuana.

19         THE COURT:  When was the last time you had treatment

20   for that?

21         THE DEFENDANT:  Probably in 2015, 2014.

22         THE COURT:  Are you currently under the care of a

23   doctor for any reason?

24         THE DEFENDANT:  No, sir.

25         THE COURT:  In the last 24 hours, have you taken any

XJ4F8WAL                    SEALED - DO NOT DOCKET

1   pill or medicine of any kind?

2            THE DEFENDANT:  No.

3            THE COURT:  In the last 24 hours, have you taken any

4   drug or any alcohol?

5            THE DEFENDANT:  No, sir.

6            THE COURT:  Is your mind clear today?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Do you understand these proceedings?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  On the basis of the defendant's responses

11  to my questions and my observations of his demeanor, I find he

12  is fully competent to enter an informed plea at this time.

13           Now, Mr. Walsh, you have a right to be represented by

14  counsel at every stage of these proceedings.

15           Do you understand that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  If at any time you can't afford counsel,

18  the Court will appoint one for you to represent you free of

19  charge throughout the proceedings.

20           Do you understand that?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Mr. Siegel, are you retained or appointed?

23           MR. SIEGEL:  I am appointed, Judge.

24           THE COURT:  Mr. Walsh, are you satisfied with Mr.

25  Siegel's representation of you?

XJ4F8WAL                    SEALED - DO NOT DOCKET

```
1              THE DEFENDANT:  Yes, sir.
2              THE COURT:  Have you had a full opportunity to discuss
3    this matter with him?
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  Have you told him everything you know
6    about this matter?
7              THE DEFENDANT:  Yes, sir.
8              THE COURT:  Now, you were previously the subject of an
9    indictment but the government wishes to substitute a
10   superseding information, which is entitled S1 18 Cr. 874,
11   charging you with seven different counts of seven different
12   felonies, and also with certain forfeiture allegations.
13             Have you gone over that proposed information with your
14   lawyer?
15             THE DEFENDANT:  Yes, sir.
16             THE COURT:  Has he gone over the elements with you?
17             THE DEFENDANT:  Yes, sir.
18             THE COURT:  Do you understand the charges against you?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Mr. Siegel, do you want that information
21   read here again in open court or do you waive the public
22   reading?
23             MR. SIEGEL:  We waive the public reading, Judge.
24             THE COURT:  Now, Mr. Walsh, because these are seven
25   felonies, under the Constitution, you would have a right to
```

XJ4F8WAL                         SEALED - DO NOT DOCKET

1    have them presented to a grand jury, which is a group of

2    private citizens, 16 to 23 in number, who would hear evidence

3    and who can only vote these charges against you if they found

4    there was probable cause to believe you to had committed these

5    crimes.

6              Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  But I understand that you wish to give up

9    that right, waive it as we say, and allow the government to

10   bring these charges directly against you in the form of this

11   information.  Is that your desire?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  In that connection, do we have a written

14   waiver?

15             MR. SIEGEL:  Yes.  May I bring it up?

16             THE COURT:  Yes.

17             Mr. Walsh, in that connection, did you earlier today

18   sign a written waiver of indictment and give the government

19   permission to proceed against you with this information?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Is that right?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  So we will accept for filing the

24   information S1 18 Cr. 874, and I will give the waiver form to

25   my courtroom deputy to witness.

7

XJ4F8WAL                    SEALED - DO NOT DOCKET

1          Now, even though that information has now been filed

2     against you, you can still go to trial and contest these

3     charges.  But my understanding is you wish to plead guilty to

4     these charges, is that right?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Before I can accept any plea of guilty, I

7     need to make certain that you understand the rights that you

8     will be giving up if you plead guilty.  So I want to go over

9     with you now the rights that you will be giving up.

10          Do you understand that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  First, you have the right to a speedy and

13     a public trial by a jury on the charges against you.

14          Do you understand that?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Second, if there were a trial, you would

17     be presumed innocent and the government would be required to

18     prove your guilt beyond a reasonable doubt before you could be

19     convicted of any charge.

20          Do you understand that?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Third, at the trial, you would have the

23     right to be represented by counsel, and once again, if you

24     still could not afford counsel, the Court would continue the

25     representation of you by Mr. Siegel free of charge throughout

XJ4F8WAL                         SEALED - DO NOT DOCKET

1  the trial and all other proceedings.

2             Do you understand that?

3             THE DEFENDANT:  Yes, sir.

4             THE COURT:  Fourth, at the trial, you would have the

5  right to see and hear all of the witnesses and other evidence

6  against you, and your attorney could cross-examine the

7  government's witnesses and object to the government's evidence,

8  and could offer evidence on your own behalf if you so desired,

9  and could have subpoenas issued to compel the attendance of

10 witnesses and production of evidence on your behalf.

11            Do you understand all that?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Fifth, at the trial, you would have the

14 right to testify if you wanted to, but no one could force you

15 to testify if you did not want to, and no suggestion of guilt

16 could be drawn against you simply because you chose not to

17 testify.

18            Do you understand that?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Finally, even if you were convicted, you

21 would have the right to appeal your conviction.

22            Do you understand that?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Now, do you understand that if you plead

25 guilty, you will be giving up each and every one of the rights

XJ4F8WAL                    SEALED - DO NOT DOCKET

1    we have just discussed?

2              Do you understand that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Very good.

5              Now, the maximum punishment that you face on Count

6    One, which charges you with conspiracy to engage in sex

7    trafficking, is a maximum of life imprisonment, plus a maximum

8    term of lifetime supervised release to follow any imprisonment,

9    plus a mandatory minimum of five years' supervised release,

10   plus a maximum fine of whichever is greatest, either $250,000

11   or twice the amount of money derived from the conspiracy or

12   twice the loss to persons who were victims of the conspiracy,

13   plus a mandatory $100 special assessment, plus an additional

14   $5,000 assessment if you were found to be not indigent.

15             Do you understand those are the maximum punishments

16   and the mandatory minimum punishments you face on Count One?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Count Two, which charges you with sex

19   trafficking of a minor victim, carries a maximum term of life

20   imprisonment, with a mandatory minimum term of ten years'

21   imprisonment, plus a maximum term of lifetime supervised

22   release, with a mandatory minimum of five years' supervised

23   release, plus a maximum fine of whichever is greatest, either

24   $250,000 or twice the gross gain or twice the gross loss, plus

25   a mandatory $100 special assessment, plus an additional $5,000

XJ4F8WAL                    SEALED - DO NOT DOCKET

1    assessment if you were found to be not indigent.

2              Do you understand those are the maximum punishments

3    that you face if you plead guilty to Count Two?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Also, do you understand that Count Two

6    would normally be prosecuted in the Eastern District of New

7    York?  Are you agreeable to have this charge brought against

8    you in the Southern District of New York?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Now, Count Three charges you with

11   violating the Travel Act and carries a maximum term of five

12   years' imprisonment, plus up to three years' supervised release

13   to follow any imprisonment, plus a fine of whichever is

14   greatest, either $250,000 or twice the gross gain or twice the

15   gross loss, plus a $100 mandatory special assessment.

16             Do you understand those are the maximum punishments

17   under Count Three?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Count Four, which charges you with

20   attempted Hobbs Act robbery, carries a maximum term of 20

21   years' imprisonment, with up to three years' supervised release

22   to follow any imprisonment, plus a fine of whichever is

23   greatest, either $250,000 or twice the gross gain or twice the

24   gross loss, plus a $100 mandatory special assessment.

25             Do you understand those are the maximum punishments

11

XJ4F8WAL                    SEALED - DO NOT DOCKET

1    under Count Four?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Also, do you understand that Count Four

4    could only be brought against you in another district, and do

5    you agree, nevertheless, to have it brought against you in this

6    district?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Count Five charges you with conspiracy to

9    commit Hobbs Act robbery, and that carries a maximum term of 20

10   years' imprisonment, plus up to three years' supervised release

11   to follow any imprisonment, plus a fine of whichever is

12   greatest, either $250,000 or twice the gross gain or twice the

13   gross loss, plus a $100 mandatory special assessment.

14             And once again, this crime could not be brought in

15   this district without your consent.  Do you consent to have

16   this charge brought against you in this district?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Count Six charges you with using,

19   carrying, and possessing a firearm during and in relation and

20   in furtherance of a crime of violence.  That count carries a

21   maximum term of life imprisonment, with a mandatory minimum

22   term of five years' imprisonment, which must run consecutively

23   to any other sentence imposed, plus a maximum term of five

24   years' supervised release to follow any imprisonment, plus a

25   maximum fine of whichever is greatest, $250,000 or twice the

12

XJ4F8WAL                    SEALED - DO NOT DOCKET

 1    gross gain or twice the gross loss, plus a $100 mandatory

 2    special assessment.

 3           Do you understand those are the maximum punishments

 4    under Count Six?

 5           THE DEFENDANT:  Yes, sir.

 6           THE COURT:  And do you understand once again that this

 7    charge could not be brought against you in this district

 8    without your consent?  Do you consent to having this charge

 9    brought against you in this judicial district?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Finally, Count Seven charges you with

12    distribution of narcotics, and specifically, 50 kilograms or

13    less of mixtures and substances containing marijuana and a

14    detectable amount of mixtures and substances containing

15    oxycodone.  And that charge carries a maximum term of 20 years'

16    imprisonment, plus a mandatory minimum of three years'

17    supervised release and a maximum term of lifetime supervised

18    release, plus a maximum fine of $1 million, plus a mandatory

19    $100 special assessment.

20           Do you understand that those are the maximum

21    punishments and the mandatory minimum punishments under Count

22    Seven?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Do you also understand that if you plead

25    guilty to all of those counts, you would face up to the

13

XJ4F8WAL                    SEALED - DO NOT DOCKET

1    cumulative amount of all those sentences.  So you would face up

2    to lifetime imprisonment, with a mandatory minimum of 15 years'

3    imprisonment, of which five would have to be consecutive to the

4    term imposed on any other count.

5              Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Also, do you understand that if I were to

8    impose a term of supervised release, and you were to violate

9    any of the conditions of supervised release, that violation in

10   and of itself could subject you to still further imprisonment,

11   going even beyond the term of supervised release?

12             Do you understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Now, of course at this point in time, I

15   have no idea what sentence I will impose if you plead guilty to

16   those charges, but one of the things I will look at are the

17   sentencing guidelines, which are certain laws that recommend a

18   range in which the court may sentence you, although they are

19   not binding in any way on the court.

20             Do you understand that those are the guidelines?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  And you have discussed that with your

23   counsel?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  In that connection, I have been furnished

3503-24

XJ4F8WAL                    SEALED - DO NOT DOCKET

```
 1 │ with a letter agreement.
 2 │         Let me see the signed final.
 3 │         MR. GUTWILLIG:  Your Honor, I wanted to note that the
 4 │ government has a slightly updated superseding information, that
 5 │ Mr. Walsh and Mr. Siegel have signed, that also waives venue as
 6 │ to Counts Three and Seven.
 7 │         THE COURT:  Thank you very much.
 8 │         Mr. Walsh, going back for a moment to Count Three,
 9 │ which is the Travel Act, do you understand that there, once
10 │ again, you cannot be prosecuted in this district without your
11 │ consent?  Do you consent to having that charge brought against
12 │ you in this district?
13 │         THE DEFENDANT:  Yes, sir.
14 │         THE COURT:  I have now been furnished with the signed
15 │ letter agreement, which we will mark as Court Exhibit 1 to
16 │ today's proceeding, and it takes the form of a letter from the
17 │ prosecutor to defense counsel, dated April 15, 2019, and it
18 │ appears, Mr. Walsh, that you signed it a few minutes ago,
19 │ right?
20 │         THE DEFENDANT:  Yes, sir.
21 │         THE COURT:  Before signing it, had you read it?
22 │         THE DEFENDANT:  Yes, sir.
23 │         THE COURT:  Had you discussed it with your counsel?
24 │         THE DEFENDANT:  Yes, sir.
25 │         THE COURT:  Did you understand its terms?
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

XJ4F8WAL                    SEALED - DO NOT DOCKET

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Did you sign it in order to indicate your

3    agreement to its terms?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Now, this letter agreement is binding

6    between you and the government, but it is not binding on me; it

7    is not binding on the court.

8          Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  For example, this letter agreement says

11    that if you cooperate and render substantial assistance to the

12    government, the government will make a motion under 5K1 of the

13    guidelines asking the court to take into account your

14    substantial assistance and reduce your sentence.

15          Do you understand that that's what the government has

16    promised if you render in their view substantial assistance?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Now, even if they make that motion, I may

19    grant it or deny it.  And even if they ask for a reduction, I

20    may give a reduction, I may not give a reduction.  I may

21    sentence you anywhere within the large range that we have

22    discussed earlier, and regardless of all that, if you plead

23    guilty, you will still be bound by my sentence.

24          Do you understand that?

25          THE DEFENDANT:  Yes, sir.

```
 1          THE COURT:  More generally, do you understand that if

 2    anyone has made any kind of promise or prediction or estimate

 3    or representation to you of what your sentence will be in this

 4    case, that person could be wrong, and nevertheless, if you

 5    plead guilty, you will still be bound by my sentence?

 6          Do you understand that?

 7          THE DEFENDANT:  Yes, sir.

 8          THE COURT:  Does the government represent that this

 9    letter agreement, which we have now marked as Court Exhibit 1,

10    is the entirety of any and all agreements between the

11    government and Mr. Walsh?

12          MR. GUTWILLIG:  Yes, your Honor.

13          THE COURT:  Does defense counsel confirm that is

14    correct?

15          MR. SIEGEL:  Yes, Judge.

16          THE COURT:  Mr. Walsh, do you confirm that is correct?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Mr. Walsh, other than the government, has

19    anyone else made any kind of promise to you or offered you any

20    inducement to get you to plead guilty in this case?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  Has anyone threatened or coerced you in

23    any way to get you to plead guilty in this case?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  Does the government represent that if this
```

17

1   case were to go to trial, it could through competent evidence

2   prove every essential element of each of these seven counts

3   beyond a reasonable doubt?

4              MR. GUTWILLIG:  Yes, your Honor.

5              THE COURT:  Does defense counsel know of any valid

6   defense that would likely prevail at trial or any other reason

7   why his client should not plead guilty?

8              MR. SIEGEL:  No, Judge.

9              THE COURT:  Then, Mr. Walsh, tell me in your own words

10  what it is that you did that makes you guilty of these crimes.

11             THE DEFENDANT:  As to Count One and Count Two, from

12  about fall 2015 until about January 2016, I agreed with others

13  to work with women who worked as prostitutes, at least one of

14  whom was younger than 18 years old.  I advertised the women on

15  Web sites on the Internet.  I paid for the advertisements using

16  a credit card and used a cell phone to set up dates for them.

17  I received part of the money that the women earned.

18             As to Count Three, from about 2015 until December

19  2018, I posted advertisements for prostitutes on the Internet.

20  I also used a cell phone to speak to or text with potential

21  customers.

22             As to Count Four, Five and Six, in about fall 2017, I

23  agreed with others to rob someone I believed to be a drug

24  dealer of drugs and drug proceeds.  We attempted to do the

25  robbery at the person's residence in Queens, but were not able

3503-24

18

XJ4F8WAL                         SEALED - DO NOT DOCKET

1    to get into the person's house and did not rob him.  At the

2    time, I was armed with a gun.

3           As to Count Seven, between about 2015 and December

4    2018, I sold and possessed with intent to sell less than 50

5    kilograms of marijuana and small quantities of oxycodone.

6           THE COURT:  Is there anything else regarding the

7    factual portion of the allocution that the government wishes

8    the Court to inquire about?

9           MR. GUTWILLIG:  No, your Honor.

10          THE COURT:  Is there anything else regarding any

11   aspect of the allocution that either counsel wishes the Court

12   to inquire about before I ask the defendant to formally enter

13   his plea?

14          Anything else from the government?

15          MR. GUTWILLIG:  Your Honor, I believe that Mr. Walsh

16   would be required to register as a sex offender and would

17   require notice of that.

18          THE COURT:  If you plead guilty, you will have to

19   register as a sex offender.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Anything else?

23          MR. GUTWILLIG:  Nothing further.

24          THE COURT:  Anything else from defense counsel?

25          MR. SIEGEL:  No, Judge.

XJ4F8WAL                     SEALED - DO NOT DOCKET

1          THE COURT:  Then, Mr. Walsh, in light of everything

2     that we have now discussed, how do you plead, first, to Count

3     One, the conspiracy to engage in sex trafficking, guilty or not

4     guilty?

5          THE DEFENDANT:  Guilty.

6          THE COURT:  Count Two, sex trafficking of a minor

7     victim, guilty or not guilty?

8          THE DEFENDANT:  Guilty.

9          THE COURT:  Count Three, violating the Travel Act,

10    guilty or not guilty?

11         THE DEFENDANT:  Guilty.

12         THE COURT:  Count Four, attempted Hobbs Act robbery,

13    guilty or not guilty?

14         THE DEFENDANT:  Guilty.

15         THE COURT:  Count Five, conspiracy to commit Hobbs Act

16    robbery, guilty or not guilty?

17         THE DEFENDANT:  Guilty.

18         THE COURT:  Count Six, using, carrying, and possessing

19    a firearm during and in relation to and in furtherance of a

20    crime of violence, guilty or not guilty?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  And Count Seven, distribution of marijuana

23    and a small quantity of oxycodone, guilty or not guilty?

24         THE DEFENDANT:  Guilty.

25         THE COURT:  Because the defendant has acknowledged his

XJ4F8WAL                    SEALED - DO NOT DOCKET

1    guilt as charged, because he has shown that he understands his

2    rights, and because his plea is entered knowingly and

3    voluntarily and is supported by an independent basis in fact

4    containing each of the essential elements of each of the

5    offenses, I accept his plea and adjudge him guilty of Counts

6    One through Seven of superseding information S1 18 Cr. 874.

7           Now, Mr. Walsh, the next stage in this process is you

8    will be given a period to demonstrate substantial assistance to

9    the government.  And then a few months before that period is to

10   expire, you will be interviewed by the probation officer who

11   will prepare what is called a presentence report to assist me

12   in determining sentencing.  You can have your counsel present

13   to assist in advising you of your rights, but under my

14   practices, if you want to qualify for the full credit of

15   acceptance of responsibility, you personally need to answer the

16   questions put to you by the probation officer.

17          Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  After that report is in draft form, but

20   before it's in final form, you and your counsel, and also

21   government counsel, have a chance to review it and offer

22   suggestions, corrections and addictions directly to the

23   probation officer, who will then prepare the report in final to

24   come to me.  Independent of that, counsel for both sides are

25   hereby given leave to submit in writing any and all materials

XJ4F8WAL                    SEALED - DO NOT DOCKET

1  bearing on any aspect of sentence, provided those materials are

2  submitted no later than one week before sentence.

3          What is the suggestion of counsel for a sentencing?

4          MR. GUTWILLIG:  Your Honor, in addition to this

5  matter, Mr. Walsh has also, as part of his proffering with the

6  government, offered information about our ongoing investigation

7  into similar and related crimes with other as yet uncharged

8  targets.  To continue that and so that Mr. Walsh has the full

9  benefit of providing that information to the government, we

10  would request that your Honor set a date a year out from today.

11          THE COURT:  I'm sorry.  When?

12          MR. GUTWILLIG:  One year.

13          THE COURT:  A year from today.  I misheard you.

14          Mr. Siegel, you agree with that?

15          MR. SIEGEL:  Yes, I do, Judge.

16          THE COURT:  So let's see what room we have on the

17  calendar a year from now.

18          Wednesday, April 15, 2020, 3 p.m.

19          Is there anything else we need to take up today?

20          MR. GUTWILLIG:  Your Honor, the government would

21  request that today's proceedings be sealed until after the

22  upcoming trial in this matter and also the fact of the guilty

23  plea as well.

24          THE COURT:  Any objection?

25          MR. SIEGEL:  No objection.

XJ4F8WAL                          SEALED - DO NOT DOCKET

1           THE COURT:  So the transcript and also the guilty plea

2    notation on the docket will all be sealed, with copies

3    available only to defense counsel, government counsel, and the

4    defendant and the Court, except upon further order of the

5    Court.

6           Anything else?

7           MR. GUTWILLIG:  No.  Thank you, your Honor.

8           MR. SIEGEL:  No.  Thank you, Judge.

9           THE COURT:  Good.  Thanks a lot.

10          (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25